F. E. WILLIAMS et ux., Appellants,

v.

ROYAL AMERICAN CHINCHILLA, INC., et al., Appellees.

No. 7977.

Court of Civil Appeals of Texas, Beaumont.

Dec. 1, 1977.

Rehearing Denied Dec. 27, 1977.

Charles Turner, Houston, for appellant.

Appellees not represented by counsel on appeal.

CLAYTON, Justice.

Appellants (plaintiffs below) entered into a "chinchilla raising project" with appellee, Royal American Chinchilla, Inc., whereby appellants purchased five chinchillas for $3,900 and the acceptance of a "consignment herd" at the same price to be paid for in animals produced by both herds. As they began to raise the chinchillas, appellants contend they discovered numerous representations made by appellees were not true; primarily the "reproduction rate" and the "pedigree" as represented by appellees were not true. Suit was filed for damages. The case was tried before the court, and

judgment was entered for appellee from which this appeal was perfected.

Appellants complain that the trial court erred in "failing to prepare and file findings of fact and conclusions of law."

This case proceeded to trial on August 23, 1976. On October 20, 1976, the trial judge addressed a letter to counsel advising them "that the court has this date ruled that plaintiff shall take nothing. Please prepare the judgment accordingly." On November 22, 1976, appellants filed their request for findings of fact and conclusions of law. On January 19, 1977, the trial court signed and entered the judgment from which this appeal is perfected. On February 18, 1977, appellants filed the "second" request for findings of fact and conclusions of law. Appellants filed their appeal bond on the same day, February 18, 1977. The trial court did not file its findings of fact and conclusions of law.

*Tex.R.Civ.P. 296* requires that a request for findings of fact and conclusions of law shall be filed within ten days from rendition of final judgment or order overruling a motion for new trial. The request for findings of fact filed by appellants was made approximately two months prior to the signing and entry of the final judgment.

■ The first request for findings was filed at a time when the trial court had not signed or entered a written judgment. He had merely indicated that he would enter a judgment against plaintiffs. A period of three months elapsed from the date of his letter indicating his ruling until the date the court actually signed and caused to be entered his written judgment. During this three months' period, the trial court could have have granted a new trial or otherwise changed his judgment at any time. *Louwien v. Dowell*, 534 S.W.2d 421 (Tex.Civ. App.—Dallas 1976, no writ). We hold that a request for findings of fact and conclusions of law filed two months prior to signing and entry of judgment is prematurely filed and is not in compliance with *Rule 296*, and must be considered as a nullity. The "second" request must be considered as the only request filed, and, since it was filed thirty days after the signing and entry of the judgment, such request was not timely filed in compliance with *Rule 296*.

The second point urged by appellants is that "such judgment is so against the weight and preponderance of the evidence as to be manifestly unjust and clearly wrong."

■ This being a nonjury case and no findings of fact or conclusions of law were filed or timely requested, the trial court's judgment "must be viewed as impliedly finding all necessary facts in support of its judgment." *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975).

Every issue raised by the evidence must be resolved in favor of the trial court's judgment. *Coker v. Harris*, 281 S.W.2d 100 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r. e.); *Oxford Development Co. v. Eppes*, 422 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1967, no writ).

■ Appellants based their cause of action primarily upon many misrepresentations and "false, misleading or deceptive acts or practices." We have carefully reviewed the evidence presented during the trial, and we find testimony of witnesses which, if believed by the trial court, could have supported a judgment in favor of appellants; and we find evidence presented which, if believed by the trial court, could have supported a judgment favorable to appellees.

■ In a case tried without a jury, the court sits as a trier of facts as well as of the law. He is the judge of the credibility of the witnesses and the weight to be given their testimony. The court may draw any reasonable inferences from the evidence, and any doubts as to the facts will be resolved in favor of the judgment. *Arlington Acceptance Corporation v. Taylor*, 426 S.W.2d 567 (Tex.Civ.App.—Fort Worth 1968, no writ); *Paddock Engineering Co. of Texas v. Rife*, 310 S.W.2d 594 (Tex.Civ.App. —Fort Worth 1958, writ ref'd n.r.e.). We have carefully reviewed the entire record, and, in our opinion, the judgment is not so

against the weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. This point is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.