Addie Ben Bivens CARR, et al., Appellants,

v.

Darryl HUBBARD, et al., Appellees.

No. 01–83–00120–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Gibbs Spiller, Fred A. Lange, Houston, for appellants.

Chester Hines, Crockett, for appellees.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

This is an action to quiet title to land, in which the appellants contend that the trial court erred in failing to file findings of fact and conclusions of law in accordance with rules 296 and 297 Tex.R.Civ.Pro. Rule 296 requires:

[I]n any case tried in the district court or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law.

The rule further provides when a request, made under this provision, is considered timely.

Such request shall be made within ten days after the final judgment or order overruling motion for new trial is signed or the motion for new trial is overruled by operation of law.

Rule 297 states the procedure to be used when a court fails to make the requested findings and conclusions.

When demand is made therefor, the court shall prepare its findings of fact and conclusions of law and file same within thirty days after the judgment or order overruling the motion for new trial is signed, or the motion is overruled by operation of law... If the trial judge shall fail so to file them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such date, call the omission to the attention of the judge, whereupon the period for preparation and filing shall be automatically extended for five days after such notification.

The applicable dates in the instant case are set forth below.

| | |
|---|---|
| Judgment entered. | Nov. 18, 1982 |
| Motion for new trial filed within 30 days. Rule 329b(a). | Dec. 17, 1982 |
| Appellants' first request for findings of fact and conclusions of law filed. | Dec. 28, 1982 |
| Motion for new trial overruled by operation of law, i.e. 75 days after judgment. Rule 329b(c). | Feb. 1, 1983 |

| | |
|---|---|
| Ten days after motion for new trial overruled by operation of law (This is the date when the first request for findings of facts and conclusions of law should have been made). | · Feb. 11, 1983 |
| Thirty days after motion for new trial was overruled by operation of law pursuant to Rule 297. | March 3, 1983 |
| Appellants' second request for findings of fact and conclusions of law was filed, Rule 297. | March 7, 1983 |
| Five days after expiration of the thirty day period. | March 8, 1983 |
| Five days after second request (the fifth day fell on a Saturday). | March 14, 1983 |

From these dates it is apparent that the appellant filed his request with the court during the period of time between the court's entry of the final judgment, and the date when the motion for new trial was overruled by operation of law.

Rule 296 states that the initial request for findings of fact and conclusions of law should be filed within ten (10) days (1) *after* entry of final judgment, or (2) after the date a motion for new trial is overruled, either by the court or by operation of law. In the case at bar the appellant filed his initial request more than 10 days after the entry of the judgment, but before the motion for new trial was overruled by operation of law.

Although in some instances premature requests by an appellant have been held to be a nullity under Rule 296, in those cases the requests were made prior to the entry of the judgment. See *Wallace v. Wallace,* 623 S.W.2d 723 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd w.o.j.); *Williams v. Royal American Chinchilla, Inc.,* 560 S.W.2d 479 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

More directly on point is the case of *International Specialty Products, Inc. v. Chem-Clean Products, Inc.,* 611 S.W.2d 481 (Tex.Civ.App.—Waco 1980, no writ), where the court stated that the filing of a motion for new trial does not operate to create two separate ten-day periods within which an appellant may file his request, but rather, extends the time period from the day of entry of judgment continually until ten days after the motion for new trial is overruled. In that case it was held that a request filed during the interim period was timely under Rule 296, and the trial court's refusal to file findings and conclusions pursuant to such a request was error.

■ When a trial court fails to prepare and file findings of fact and conclusions of law as required by Rule 296, harm is presumed. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944). However, the presumption of harm may be overcome, and the judgment need not be reversed if the record affirmatively shows that the complaining party suffered no injury. Tex.R.Civ.P. 434; *Lee v. Thornton,* 658 S.W.2d 234 (Tex.Civ. App.—Houston [1st Dist.] 1983); *San Antonio Water-Works Co. v. Maury & Co.,* 72 Tex. 112, 12 S.W. 166 (1888). The method for determining whether an appellant was injured as a result of the court's failure was addressed in *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). There the court stated:

> Undoubtedly there are situations in which findings and conclusions are necessary in order for the appellant to present his case. In factually complicated situations in which there are two or more grounds for recovery or defense, an undue burden would be placed on the appellant. Having to try to guess the reasons the trial court ruled against him should not be required. Id at 594.

■ In this cause there were numerous theories of recovery alleged, as well as multiple defenses asserted. Although none of these allegations were established as a matter of law, there was some evidence on each of these theories introduced at trial. Without the court's findings of fact and conclusions of law, neither the appellant nor this court can determine which of these theories constituted the basis for the court's judgment. Therefore, the record does not affirmatively establish that the appellants suffered no injury and the presumption of harm remains.

■ However, even where the error has not been established as harmless the proper remedy is not to reverse the trial court judgment, but is to abate the appeal, and

**154**

order the trial court judge to make the appropriate findings and conclusions, and to certify those findings to this court for review. *Texas Eastern Transmission Corp. v. Sealy Independent School Dist.,* 572 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Therefore, the appeal of this cause is abated, and the trial judge is directed to make and file findings of fact and conclusions of law, and to allow the appellants five days after the trial court's filing to request additional findings and conclusions, and to certify such findings and conclusions to this court so that the appeal may properly proceed.

In their cross point, Appellees assert that the appellant's have not perfected their appeal by filing a proper bond as required under Tex.R.Civ.P. 354. The appellants have filed a bond, but the names of the parties are reversed within the body of the instrument. In all other respects the bond is suitable as an appellate bond. In this situation, we have the power to allow an amendment so that the appellant may correct their error. Tex.R.Civ.P. 365–368, See also, *Kunz v. Spears,* 527 S.W.2d 520 (Tex.Civ.App. San Antonio 1975). We, accordingly, hold that the appellant shall have 30 days from this date to file an amended bond to be approved by the clerk of this court. If such an amendment is not filed the cause will be dismissed.