Elijah W. RATCLIFF, Appellant,

v.

The STATE BAR OF TEXAS, Appellee.

No. 01–83–00798–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 1984.

Rehearing Denied July 25, 1984.

---

Elijah W. Ratcliff, Houston, for appellant.

Nancy Koenig, Steven D. Peterson, Steven L. Lee, Austin, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

OPINION

LEVY, Justice.

Approximately 10 years after appellant was licensed to practice law in the State of Texas, he was convicted of felony theft in the Montgomery County District Court and sentenced to six years confinement. His conviction was duly affirmed, *Ratcliff v. State*, 504 S.W.2d 883 (Tex.Crim.App.1974), and was followed by disbarment proceedings in the 157th District Court of Harris

County, Texas. By that court's judgment, appellant was disbarred in Januarv, 1974.

This is an appeal from the order denying appellant's third petition for reinstatement as an attorney, and it comes to us without a statement of facts. Consequently, all points of error relying upon an examination of the evidence must be overruled, it necessarily being presumed that the trial court's judgment was supported by sufficient evidence. *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683 (1951).

Appellant's first ground of error asserts no error by the court, but merely alleges the uncontested fact that he was admitted to practice law in 1962. Under Rule 418, Tex.R.Civ.P., this is not sufficient as a point of error and is therefore overruled.

In his second ground of error, appellant again asserts no trial court error but alleges that since his admission to the State Bar he has not had a "constitutional conviction". This point appears to be a collateral attack on his 1972 conviction and subsequent disbarment. If not void on its face, either the judgment of conviction or the disbarment order would have had to be nullified through a direct appeal or by bill of review, both of which are now barred by limitation. Tex.Rev.Civ.Stat.Ann. art. 5529 (1958); *Sutherland v. Sutherland,* 560 S.W.2d 531 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Tex.Civ.App.—Fort Worth 1975, no writ). A collateral attack at this time is therefore improper, untimely, and wholly ineffectual. *Steere v. State Bar of Texas,* 512 S.W.2d 362 (Tex.Civ.App. —Houston [1st Dist.] 1974, no writ).

Appellant argues in his third and sixth points of error that the evidence he offered at trial conclusively established his right to reinstatement, and that the State Bar presented no evidence to the contrary. It is quite firmly established that the burden is on the applicant to prove that he has become worthy of reinstatement, *Steere v. State Bar of Texas, supra,* at 366, and it is not upon the State Bar to show the con-

trary. *State v. Arnett,* 385 S.W.2d 452 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). Applicant also has the burden of bringing before this court a record that shows the error he asserts as requiring reversal. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). Where a point of error requires a review of the evidence, this court cannot consider the point when there is no statement of facts. *Lane v. Fair Stores, supra; Cobb v. Pratt,* 593 S.W.2d 351, 354 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Appellant's third and sixth points of error are overruled.

In his fourth point of error, appellant contends that the trial court erred in refusing his timely request to enter findings of fact and conclusions of law.

This court recently addressed the problem of a trial court's failure to file findings of fact and conclusions of law, in *Carr v. Hubbard,* 664 S.W.2d 151 (Tex.App.— Houston [1st Dist.] 1983, no writ). In *Carr,* this court discussed the applicable rules, Rules 296 and 297, of the Texas Rules of Civil Procedure. Rule 296 provides:

> [I]n any case tried in the district court or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law.

The rule further provides when a request, made under this rule, is considered timely:

> Such request shall be made within ten days after the final judgment or order overruling motion for new trial is signed, or the motion for new trial is overruled by operation of law.

Thus, appellant's request, to be timely, must have been made within ten days after the judgment was signed; in this case, before October 13, 1983; or within ten days after the order overruling the motion for new trial, in this case, before November 26, 1983. A review of the record indicates, however, that appellant filed his first request with the court on September 22, 1983, some 11 days before

the final judgment was signed. Premature requests by an appellant have been held to be a nullity under Rule 296, where the record reflects the request was made prior to the entry of the judgment. *Wallace v. Wallace*, 623 S.W.2d 723 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd w.o.j.); *Williams v. Royal American Chinchilla, Inc.*, 560 S.W.2d 479 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Carr, supra.* In those cases, the court considered the first request to be null and then examined the second request to see if it complied with the rules to qualify as a valid first request.

In the instant case, appellant's second request was made on October 10, 1983, which was 7 days after the judgment was signed. Thus, appellant's second request qualifies as to a timely first request under Rule 296, Tex.R.Civ.P.

Rule 297, Tex.R.Civ.P. sets forth appropriate procedure to be followed when the court fails to make the timely requested findings of fact and conclusions of law:

When demand is made therefor, the court shall prepare its findings of fact and conclusions of law and file same within thirty days after the judgment or order overruling the motion for new trial is signed, or the motion is overruled by operation of law ... If the trial judge shall fail so to file them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such date, call the omission to the attention of the judge, whereupon the period for preparation and filing shall be automatically extended for five days after such notification.

■ In appellant's case, five days following the expiration of the 30 days after judgment was signed would be November 7, 1983. Five days after the expiration of 30 days from the overruling of the motion for new trial would be December 21, 1983. As the record does not indicate any request made by appellant after his October 10, 1983 request, it therefore appears under Rule 297, Tex.R.Civ.P., that appellant has not made a timely second request. As a result, appellant has waived his right to complain of this failure on appeal. *Martinez v. Martinez*, 608 S.W.2d 719 (Tex.Civ. App.—San Antonio 1980, no writ). We also note that appellant has neither shown nor even alleged any injury resulting from the trial court's failure to file the requested findings of fact and conclusions of law.

Appellant's fourth point of error is overruled.

■ In appellant's fifth point of error, he urges that he is entitled to an order setting the original disbarment aside, grounded on the principles of equitable estoppel, "since the essential elements for a bill of review are presented". A judgment cannot be set aside under Rule 329b(f), Texas Rules of Civil Procedure, after the time for direct appeal has expired, except by bill of review for sufficient cause, which must be filed within four years from the date of the judgment. *Sutherland v. Sutherland, supra; Ragsdale v. Ragsdale, supra.* Appellant's judgment, disbarring him from the State Bar of Texas, was dated January 28, 1974. Appellant filed his original petition for a bill of review on March 30, 1978, some four years and one month later. We are accordingly obliged to hold that the petition was untimely and of no effect.

The appellant's fifth ground of error is overruled and the judgment of the trial court is affirmed.