OTIS ELEVATOR COMPANY
and United Technologies
Corporation, Appellants,

v.

Maurine B. PARMELEE, Individually and as Administratrix of the Estate of Bennie Parmelee, Jr., Deceased, Appellee.

No. 01–90–00998–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 12, 1991.

Rehearing Denied Oct. 17, 1991.

**732**

Thomas B. Greene, III, Houston, for appellants.

Eric E. Sigsbey, Houston, for appellee.

Before COHEN, MIRABAL and HUGHES, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a judgment for the plaintiff, following the trial court's order imposing sanctions against the defendant for discovery abuse and noncompliance with a court order. We affirm.

Factual Background.

Bennie Parmelee ("Parmelee") was a retired employee of Otis Elevator Company ("Otis"), and a participant in Otis' employee benefit plan administered by United Technologies Corporation ("United"). In addition to his retirement pension, Parmelee also was entitled to compensation from Otis' incentive compensation plan and from its employee savings plan.

On January 11, 1988, Parmelee obtained his third divorce from appellee, Maurine Parmelee ("Maurine"). On July 20, 1988, Parmelee executed an application for and election of, benefits, stating he was single and electing a benefit ending at his death. Parmelee retired from Otis on September 1, 1988, and died approximately five months later on January 22, 1989. On May 22, 1989, Maurine obtained a bill of review, setting aside the divorce decree.

Before Maurine obtained the bill of review, on April 5, 1989, Otis distributed the proceeds of Parmelee's 1988 Incentive Compensation Bonus, $3,088.07, to Parmelee's son, Bennie C. Parmelee ("Bennie"). John Embry, Jr., manager of Otis' Houston district operations, disbursed the funds to Bennie as executor of Parmelee's estate. However, at the time of the distribution, Bennie had not been confirmed by the probate court as Parmelee's executor.[1]

Maurine notified Otis on three separate occasions of her status as Parmelee's surviving spouse. By letter dated April 21, 1989 from Maurine's counsel, Eric Sigsbey, to David Dains, Director, Regional Personnel Administration for Otis, Maurine requested Otis provide her with a statement of Parmelee's accrued benefits as of the date of his death, all information regarding Parmelee's beneficiary designation, and specifically requested that no distribution of Parmelee's benefits be made until Maurine's claims had been resolved.

By letter dated June 21, 1989, from Sigsbey to Dains, Dains was informed the divorce decree had been set aside, and ac-

---

1. According to Maurine's application for letters of administration, Parmelee's will named his brother, Kenneth E. Parmelee, as independent executor, but Kenneth resigned. The will named Louis J. Schelling as alternate independent executor, but he declined to serve. Bennie was not named as executor in the will, nor was he ever appointed executor by any court.

cordingly, Maurine was Parmelee's surviving spouse. He reiterated the demands made in the April 21 letter.

In an application for issuance of letters of administration with will annexed, Maurine stated she was Parmelee's surviving spouse. In an order dated July 5, 1989, the probate court granted Maurine letters of administration, and found that all of the statements and allegations contained in her application were true.

On September 12, 1989, Maurine's counsel wrote attorney Richard Kaplan at United, demanding payment to Maurine individually or to Maurine as administratrix of Parmelee's estate of the $3,088.07 Otis had mistakenly paid to Bennie. She also demanded one-half of Parmelee's retirement benefit and ½ of the $16,869.32 balance of Parmelee's employee savings account. The entire $16,869.32 was allegedly paid to Bennie after Sigsbey's April 21 letter to Dains advising him of Maurine's claim.

Procedural Background.

Maurine never received the requested information from appellants, nor would they confirm that she was Parmelee's surviving spouse. Maurine sued appellants, claiming they had negligently paid the balance of Parmelee's incentive compensation bonus ($3,088.07) and his employee savings plan ($16,869.32) to Bennie. Maurine also sued for benefits under Otis' retirement plan as Parmelee's surviving spouse and for damages for Otis' and United's failure to provide her with information concerning Parmelee's retirement plan.

The parties proceeded to exchange various discovery requests. Appellants filed a motion to dismiss on December 11, 1989,

claiming that, because Maurine brought her suit under the Employee Retirement Income Security Act (ERISA), and because she was not a "participant" or a "beneficiary" as defined by ERISA,[2] the state district court was without jurisdiction to hear her claims.[3] They also claimed Maurine had failed to exhaust her administrative remedies before filing suit.

On December 29, 1989, Maurine filed a motion for partial summary judgment, which the trial court granted on March 27, 1990. The court found, as a matter of law, that Maurine was a beneficiary as defined by § 1002(8) and that the court had jurisdiction pursuant to § 1132(a)(1)(B). Appellants' motion to dismiss for lack of jurisdiction was denied. The court made no ruling on appellants' assertion Maurine had failed to exhaust her administrative remedies.

To enable it to rule on the administrative remedies claim, in the order granting partial summary judgment, the trial court also ordered appellants to:

(i) deliver to [Maurine] on or before March 22, 1990, a letter requesting and specifically identifying each and every document that [appellants] deem necessary to conduct an administrative review of [Maurine's] claim for benefits; (ii) [Maurine] shall make written response to [appellants'] request on or before April 2, 1990; (iii) all documents to be produced pursuant to [appellants'] request shall be delivered to [Otis] on or before April 11, 1990; and (iv) on or before May 11, 1990, [appellants] shall notify [Maurine], in writing, the results of their administrative review setting forth the specific claims or benefits which are awarded or

**2.** A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type of an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may eligible to receive any such benefit." 29 U.S.C.S. § 1002(7) (1990).

A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled

to a benefit thereunder." 29 U.S.C.S. § 1002(8) (1990).

**3.** In this motion, Otis and United recognized that state district courts have concurrent jurisdiction with the federal courts, but only when a participant or a beneficiary sues for plan benefits or to clarify his rights to future plan benefits. *See* 29 U.S.C.S. § 1132(a)(1)(B) (1990). Because they alleged Maurine was neither a participant nor a beneficiary, they asserted the federal courts had exclusive jurisdiction of her claim.

denied.[4]

Appellants failed to comply with the trial court's order. They did not notify Maurine *in writing* until March 29, 1990 that no additional documents were needed to conduct their administrative review, and they never, in writing or otherwise, notified Maurine of the specific claims or benefits they would award or deny.

On May 18, 1990, Maurine filed her motion for sanctions, asserting appellants: (1) willfully and intentionally ignored the trial court's discovery order; (2) filed affidavits untimely and in bad faith; (3) failed to properly respond to her discovery requests; and (4) filed pleadings containing spurious and meritless claims that were made solely for delay. Appellants responded that any failure to comply with the trial court's order was purely technical and the result of inadvertence and oversight; that they fully complied with the rules of civil procedure; and that they had not disregarded Maurine's statutory rights.

The trial court conducted a hearing on Maurine's motion and, after reading the papers and pleadings on file and hearing the argument of counsel, granted the motion. The order imposing sanctions provided that:

1. [Appellants] are disallowed from any further discovery of any kind;

2. [Appellants] are charged with all of the expenses of discovery and all of the taxable court costs;

3. All matters regarding [Maurine's] claims and all facts necessary in support thereof are taken as established for the purposes of this cause of action in accordance with the claims of [Maurine].

4. [Appellants] are prohibited from supporting [their] defenses or opposing the claims of [Maurine] and are prohibited from introducing such matters in evidence;

5. Based on the foregoing, judgment is hereby rendered against [Otis and United] resulting in [Maurine] being awarded the following:

(a) The amount of $3,088.07 for [Maurine's] husband's 1988 incentive compensation bonus that was wrongfully paid by [appellants] to Bennie Carroll Parmelee;

(b) The amount of $8,434.66 for the Savings Plan Money that was wrongfully paid by [appellants] to Bennie Carroll Parmelee;

(c) The amount of at least $892.19 per month, commencing from February 1, 1989, and payable for the life of [Maurine], for [Maurine's] entitlement to the retirement benefits as the surviving spouse of her husband, together with interest at the rate provided in the Plan;

(d) The amount of $10,000 for [Maurine's] mental anguish proximately caused by [appellants'] tortious conduct;

(e) Exemplary damages in the amount of $20,000 because (i) [appellants] have acted knowingly, intentionally, wantonly and with gross negligence regarding [Maurine's] rights, (ii) [Maurine] has sustained the actual damages awarded in paragraphs 5(a) and (b) of this Order as the result of [appellants'] tortious and negligent conduct and (iii) such damages are necessary to punish [appellants] for their conduct and are reasonable;

(f) The amount of $25,000 for [Maurine's] reasonable attorneys' fees and costs; and

(g) Prejudgment and postjudgment interest at the highest rate allowed by law until all sums are fully paid.

No findings of fact and conclusions of law were requested or filed, and no statement of facts from the hearing on Maurine's sanctions motion was filed.

Merits of Appeal.

■ In their first point of error, appellants complain the trial court abused its discretion in awarding sanctions against them. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), or whether the court acted arbitrarily or unreasonably.

---

**4.** While the order was not signed until March 27, 1990, it was presented to the trial court, with all parties present, on March 12, 1990, giving appellants ample time to comply with the order.

*Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984).

Maurine's motion requested sanctions pursuant to Tex.R.Civ.P. 166a and 215. Appellants claim neither rule authorizes the trial court's action. We agree rule 166a does not authorize the type of sanctions imposed by the trial court;[5] rule 215(2)(b) does, however.

Appellants deny that their responses to Maurine's discovery requests were "nonresponsive, evasive, and incomplete." Appellants further deny they disregarded the trial court's order of March 27, 1990, which they claim is not a discovery order, but merely "a directive pronounced by the court in order to expedite administrative review of Maurine's claims."

■ We have no findings of fact, conclusions of law, or statement of facts from the sanctions hearing. Absent findings of facts or conclusions of law, we presume the trial court made all the necessary findings to support the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Marshall v. Telecommunications Specialists, Inc.*, 806 S.W.2d 904, 906 (Tex.App.—Houston [1st Dist.] 1991, no writ). Additionally, without a statement of facts, we must presume the evidence supports the judgment. *Lane v. Fair Shoes*, 150 Tex. 566, 568–69, 243 S.W.2d 683, 684 (1951); *Hicks v. Western Funding, Inc.*, 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ Because the sanctions order is silent, we do not know why the trial court imposed the sanctions. We do not know what specific discovery abuses the trial court found. Nevertheless, it is clear that appellants did not comply with the trial's court order of March 27. Appellants did not inform Maurine in writing, by the date specified in the order, what documents they needed to conduct their administrative review. Nor did they ever tell Maurine, orally or in writing, which of her claims they would honor or deny. Moreover, the trial court may have found that appellants failed to respond properly to other discovery requests, filed affidavits in bad faith, and filed pleadings containing spurious and meritless claims solely for delay. All of this was alleged in the sanctions motion, and without a statement of facts, findings of fact, or conclusions of law, we cannot determine that the trial court did not reasonably rule for appellees on these grounds.

In their response to Maurine's motion and on appeal, appellants claim Maurine admitted she was informed on March 23 that, in light of the trial court's ruling she was a beneficiary of the plan, no documents were necessary to conduct the administrative review. We find no such admission.[6] Moreover, this shows that appellants failed to comply with the trial court's order because they did not advise Maurine by March 22 what documents were needed. Appellants further state Maurine was informed on April 26, well before the May 11 deadline, that they would recognize her as beneficiary under the pension plan. Again, the source cited for this claimed admission shows no admission. Moreover, any such oral statement by appellants on April 26 falls far short of what the trial court required. The order required appellants to notify Maurine of *the specific claims or benefits* that were awarded or denied. They did not do so. She was not told how much she would receive, nor was any mention made of her claims to the incentive compensation bonus or employee savings plan. We conclude the trial court did not abuse its discretion in imposing the sanctions.

After this case was argued, the supreme court decided *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913

---

5. If the trial court finds affidavits are filed in bad faith, rule 166a authorizes the trial court to order the offending party to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused; the trial court may also hold the offending party in contempt. Tex.R.Civ.P. 166a(h).

6. The source cited for this claimed admission is language in Maurine's motion for sanctions, which simply states that the trial court had granted summary judgment establishing that Maurine was a "beneficiary" under ERISA.

(1991). In *Powell*, the court held that the trial judge abused his discretion by rendering "death penalty" sanctions even though no trial court order for discovery had been violated, the trial judge refused to hear any evidence on a motion to reconsider the sanctions, there was no pattern of discovery abuse alleged by the movant or found by the trial court, and the sole reason the sanctions were requested and granted was that a witness did not appear for a deposition that had neither been ordered by the trial court nor scheduled by agreement. This, the supreme court unanimously held, was an abuse of discretion. It is also considerably different from the record before us. First, it is undisputed in this case that the trial court made specific orders and appellants failed to comply. Second, appellants do not contend that the trial court refused to hear any evidence against imposition of sanctions. Third, appellee here did complain of a pattern of discovery abuse; she did not rely in her motion solely upon a single witness' failure to appear for a deposition that was never scheduled. Justice Gonzalez, concurring in *Powell*, stated that trial judges should not be "trigger happy," but should first issue orders compelling discovery before granting sanctions. The trial court here did so. The majority opinion in *Powell* states:

> Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses *unless* a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit.

*Powell*, 811 S.W.2d at 918 (emphasis added). If the trial court here believed appellee's claims regarding a pattern of discovery abuse, such hindrance of the discovery process would have justified the trial court in presuming that appellant's defenses lacked merit.

The *Powell* opinion states that "courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Powell*, 811 S.W.2d at 917. Nothing before us shows that the trial court did not do so. We have no statement of facts of the sanctions hearing, no finding of facts, and no conclusions of law. The supreme court in *Powell* found an abuse of discretion without findings of fact, due to the fact that there was no appealable judgment in that case and that rule 215 does not require such findings. In this case, there is an appealable judgment before us, findings are authorized by rules 296 through 299 of the Texas Rules of Civil Procedure, and appellants did not request them. Obviously, appellants should not benefit from the absence of findings, nor should we presume that the trial court abused its discretion and committed reversible error. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). Given the factual and procedural differences between the record in this case and that in *Powell*, we hold that *Powell* does not require reversal.

Appellants next contend the trial court denied them due process of law by not allowing them to present evidence, cross-examine witnesses, or object to evidence. They cite no part of the 679–page transcript where they presented this complaint to the trial court. TEX.R.APP.P. 52(a), 74(d), 74(f). Moreover, they cannot prevail on these contentions without a statement of facts. Nothing shows appellants tried to present evidence, to object to evidence, or to cross-examine witnesses. TEX.R.APP.P. 50(d), 52(b), 52(c); TEX.R.CIV.EVID. 103. Finally, this is the consequence envisioned by rule 215.

Appellants finally contend the trial court granted a judgment without requiring Maurine to prove her case by competent evidence. Specifically, they contend the trial court awarded damages "on the basis of appellee's unsworn motion for sanctions." Nothing in the record supports this claim. Without a statement of facts, findings of facts, or conclusions of law, we do not know what evidence the trial court considered or believed. According to appellants' counsel at oral argument, all the damages awarded were liquidated, except those for mental anguish, exemplary damages, and attorneys' fees, and there is ample evidence in the 679–page transcript

that, if taken as true, supports the judgment.

The first point of error is overruled.

In the second point of error, appellants assert that, because the trial court never conducted a hearing or a trial on the damage issue, there is no evidence to support the judgment of the trial court.

Appellants assert in their brief that Maurine presented no evidence of damages. Maurine denies this, contending that evidence was presented in other hearings, such as the hearing on the motion for partial summary judgment. Thus, we cannot take as true the assertions contained in appellants' brief that there was no evidence to support the judgment. TEX.R.APP.P. 74(f).

■ Appellants must show there was no evidence of damages. The appellate rules place the burden on an appellant to see that a sufficient record is presented to this Court to show error requiring reversal. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); *Ratcliff v. State Bar of Texas,* 673 S.W.2d 339, 341 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); TEX.R.APP.P. 50(d). Where a point of error requires a review of the evidence, this Court cannot consider the point when there is no statement of facts. *Englander,* 428 S.W.2d at 807; *Ratcliff,* 673 S.W.2d at 341; As stated, there is no statement of facts before us.

Appellants' second point of error is overruled.

Appellants' third point of error complains the trial court erred in awarding judgment of "at least $892.19 per month" in pension benefits to Maurine for life because such an award is not supported by the pleadings.

■ A plaintiff's petition must give notice of the relief sought, *White v. Jackson,* 358 S.W.2d 174, 176–77 (Tex.Civ.App.—Waco 1962, writ ref'd n.r.e.), and the judgment must conform to the pleadings. *Simon v. BancTexas Quorum, N.A.,* 754 S.W.2d 283, 286 (Tex.App.—Dallas 1988, writ denied). Appellants contend that because Maurine only pled for monthly plan benefits of $810, the trial court erred in awarding benefits of $892.19 per month.

■ The third sanction imposed by the trial court stated "all matters regarding the Plaintiff's claims and all facts necessary in support thereof are taken as established for the purposes of this cause of action *in accordance with the claims of the plaintiff.*" (Emphasis added.) Maurine's first amended petition claimed she was entitled to a share in Parmelee's retirement benefits in an amount of *at least* $810 per month. Appellants filed no special exceptions. This pleading gives fair notice of the claim. TEX.R.CIV.P. 45; *Roark v. Allen,* 633 S.W.2d 804, 809–10 (Tex.1982).

The third point of error is overruled.

■ In their fourth point of error, appellants contend the trial court erred in awarding damages for mental anguish, exemplary damages, and attorneys' fees because such damages are precluded by ERISA. Appellants contend that, "as [Maurine's] own pleadings attest, her causes of action primarily revolve around the issue of whether she is a beneficiary and entitled to retirement benefits under the qualified pension plan." We disagree and decline to hold that her entitlement to Parmelee's pension benefits was her primary cause of action. Maurine also asserted claims for the monies from Parmelee's incentive compensation bonus ($3,088.07) and employee savings account ($8,434.66) wrongfully disbursed to Bennie. These plans were not governed by ERISA, as far as our record shows.

Concerning the award of attorney's fees, without findings of fact and conclusions of law or a statement of facts, we are unable to ascertain whether the trial court assessed the attorney's fees as a sanction, TEX.R.CIV.P. 215(2)(b)(8), or partly as a sanction and partly to compensate Maurine for bringing her suit. ERISA allows recovery of attorneys' fees. 29 U.S.C.S. § 1132(g)(1) (1990).

■ Regarding the awards of mental anguish and exemplary damages, we agree that ERISA preempts a state law cause of action brought by an ERISA plan partici-

pant or beneficiary alleging improper processing of a claim for plan benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *Southland Life Ins. Co. v. Small*, 806 S.W.2d 800, 801 (Tex.1991). However, claims that are "only peripherally connected to the concerns addressed by ERISA," *Hartle v. Packard Elec.*, 877 F.2d 354, 356 (5th Cir.1989), or claims that do not affect the relationship between the principal ERISA entities (the employer, the plan fiduciaries and the beneficiaries), *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990), are not preempted.

Again, we do not know on what basis the trial court awarded damages for mental anguish or for exemplary damages. Because ERISA precludes the award of these types of damages, we must presume they were not awarded pursuant to Maurine's claims for pension/retirement benefits under ERISA, but were awarded for appellants' conduct in relation to the wrongful disbursement to Bennie of the incentive compensation bonus and the savings account. Appellants did not prove that the incentive compensation bonus or the employee savings account were ERISA plans.[7] There is nothing in the sanctions order or in the judgment that suggests the award of mental anguish and exemplary damages were imposed solely for appellants' actions in failing to distribute ERISA benefits.

We also note that Maurine's claims for the wrongful disbursement of the incentive compensation bonus and the savings account are not claims involving a continuing administrative responsibility, but rather are for a one-time lump sum payment. The United States Supreme Court has held that one-time, lump sum payments do not affect the ongoing administration of an ERISA plan and are, therefore, not preempted. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12, 107 S.Ct. 2211, 2218, 96 L.Ed.2d 1 (1987).

Finally, the trial court's award of $20,000 exemplary damages could have been a mislabeled ERISA award, pursuant to 29 U.S.C.S. § 1132(c) (1990), which provides for a $100 per day penalty for failing to provide documents on request. Absent findings of fact and conclusions of law, we cannot rule out this basis for an award. Appellee pleaded for $20,800 in damages under this statute, as of December 15, 1989, as well as for damages under 29 U.S.C.S. § 1140 (1990).

The fourth point of error is overruled.

In their last point of error, appellants claim the trial court erred in finding Maurine was a beneficiary because "the judgment on which the finding was based is void." The judgment appellants refer to is the judgment in the bill of review case that set aside Maurine's decree of divorce. That judgment is not mentioned in the trial court's order and is not in the record. Nor is the statement of facts, jury charge, or findings of fact, if any, from that case. Thus, nothing is presented for review. Tex.R.App.P. 50(d), 74(f).

The fifth point of error is overruled.

The judgment is affirmed.

---

7. There is an affidavit, attached to appellants' motion for leave to file a late response to Maurine's motion for partial summary judgment, in which Dains states the employee benefit plans of United and the savings plan are qualified plans under ERISA. There is no order granting leave to file. We have no way of knowing if the court considered or believed the statements in Dains' affidavit.