OTIS ELEVATOR COMPANY
and United Technologies
Corporation, Petitioners,

v.

Maurine B. PARMELEE, Individually,
and as Administratrix of the Estate of
Bennie Parmelee, Jr., Deceased, Respondent.

No. D–1840.

Supreme Court of Texas.

Jan. 20, 1993.

Dissenting Opinion by Doggett, J.,
April 14, 1993.

Rehearing Overruled April 14, 1993.

Thomas B. Greene, III, Maureen McPherson Spector, Houston, for petitioners.

Eric Sigsbey, Houston, for respondent.

OPINION

HECHT, Justice.

The trial court imposed sanctions in this case tantamount to rendering default judg-

ment against defendants, and awarded unliquidated damages without hearing evidence. The court of appeals affirmed. 817 S.W.2d 731. We hold that the imposition of sanctions did not comport with our opinion in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991), and that there is no evidence to support the award of damages. Accordingly, we reverse and remand for further proceedings.

Bennie Parmelee, Jr. obtained a divorce from Maurine Parmelee for the third time in January 1988, after she failed to appear for trial and her attorney withdrew. Six months later, Bennie filed an application for retirement benefits with United Technologies Corp., the administrator of the pension plan for his employer, Otis Elevator Co., stating that he was single and electing a benefit that would end at his death. Bennie retired in September 1988, and five months later, he died. In April 1989, Maurine filed an action for bill of review to set aside the divorce decree rendered fifteen months earlier. Her petition named as defendants Bennie's brother, whom Bennie's will designated independent executor of his estate, and Bennie's son. Neither defendant appears to have answered, and Maurine obtained a default judgment vacating the divorce decree. Since Bennie's brother had resigned as independent executor of the estate and no one else had been appointed, Maurine requested and obtained letters of administration.

Maurine notified Otis and United that as Bennie's surviving spouse and administratrix of his estate she claimed his incentive compensation bonus of $3,088.07, half the $16,869.32 balance in his employee savings account, and half his retirement benefits. Otis had already paid the bonus to Bennie's son, and refused to confirm Maurine's claim as Bennie's surviving spouse. Otis also paid the savings account balance to Bennie's son. Maurine then brought this action against Otis and United to recover the amounts and benefits she claimed, damages for mental anguish, punitive damages and attorney fees. She alleged violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461, gross negligence, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

After some discovery had been conducted, Maurine moved for partial summary judgment to establish that she was Bennie's surviving spouse. Otis moved to dismiss in part on the grounds that Maurine had failed to exhaust her administrative remedies before filing suit. The trial court granted Maurine's motion but deferred ruling on Otis' motion and prescribed a timetable for Otis to make an administrative determination of Maurine's claim. Although Otis did not strictly comply with this timetable, it did allow Maurine's claim in accordance with the court's ruling on her motion. Maurine then moved for sanctions asserting that Otis had failed to process her claim as ordered by the court, had failed to properly respond to her discovery requests, and had filed pleadings containing spurious and meritless claims made solely for delay. This was Maurine's first such complaint and request for sanctions. Otis responded that any failure to comply with the trial court's order was purely technical and the result of inadvertence and oversight, that it had fully complied with the Texas Rules of Civil Procedure, and that it had not disregarded Maurine's statutory rights.

The trial court conducted a hearing and, "after reading the pleadings and papers on file and hearing the arguments of counsel", granted Maurine's motion. The court did not hear evidence. The order imposing sanctions provided that "[a]ll matters regarding the Plaintiff's claims and all facts necessary in support thereof are taken as established for purposes of this cause of action in accordance with the claims of Plaintiff", and that "Defendants are prohibited from supporting its [sic] defenses or opposing the claims of the Plaintiff and are prohibited from introducing such matters in evidence." The same order awarded Maurine judgment against Otis and United for the funds and benefits she claimed, plus $10,000 for mental anguish, $20,000 exemplary damages, and $25,000 attorney fees.

■ The court of appeals held that absent a statement of facts from the hearing on Maurine's motion for sanctions, or findings of fact or conclusions of law, the trial court must be presumed to have made all findings necessary to support its judgment. 817 S.W.2d at 735. This is incorrect. The court of appeals relied upon *Roberson v. Robinson*, 768 S.W.2d 280 (Tex.1989), and *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683 (1951), both of which involved judgments after trial, not sanctions. Here, the trial court heard no evidence but expressly based its decision on the papers filed and the argument of counsel. Under these circumstances, there are no factual resolutions to presume in the trial court's favor. The court of appeals should have looked to the record to determine whether the case-determinative sanctions imposed by the trial court are just under *Trans-American*.

■ The trial court's order does not meet the requirements of *TransAmerican*. The record does not reflect that the trial court considered the availability of lesser sanctions to curb any abuse it found. The trial court imposed sanctions which precluded Otis and United from presenting any defense in the case, based solely upon Maurine's first motion for sanctions. There is nothing in the record which even approaches the flagrant bad faith or abuse necessary for the imposition of such sanctions.

■ Furthermore, the trial court awarded Maurine unliquidated damages without hearing evidence. Maurine does not dispute that evidence was necessary under Tex.R.Civ.P. 243, or that no evidence was introduced at the sanctions hearing, but she argues that evidence may have been introduced at the hearing on her motion for summary judgment or other hearings. The court of appeals held that defendants were precluded from raising their complaint on appeal because they had failed to bring forward a statement of facts from such hearings. This holding, too, is incorrect. There is no indication or assertion that any other hearing to which Maurine alludes involved the taking of evidence. Defendants were not required to obtain transcriptions of non-evidentiary hearings to preserve error.

Accordingly, without hearing oral argument, we reverse the judgment of the trial court and remand this cause for further proceedings. Tex.R.App.P. 170.

DOGGETT, J., notes his dissent.

DOGGETT, Justice, dissenting.

After a trial court judgment for Maurine Parmelee was unanimously affirmed by the court of appeals, Otis Elevator sought a reversal in this court. When no answer on the appeal was forthcoming, Parmelee, an elderly pensioner dependent upon the benefits declared payable to her under the judgment, finally petitioned this court for expedited disposition due to failing health. Her motion lingered, the first response coming only when this court's opinion issued on January 20, 1993, reversing the judgment of the trial court in Parmelee's favor and dissolving the sanctions imposed by the trial court on Otis Elevator for its failure to obey a court order.

For the reasons set forth in my opinion in *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167 (Tex.1993, orig. proceeding) (Doggett, J., dissenting), I disagree with the approach employed by the majority in overturning discovery sanctions imposed by the trial judge. The court of appeals correctly resolved this matter, 817 S.W.2d 731, refusing to overturn the trial court's exercise of discretion in the absence of a complete record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992, orig. proceeding) (requiring statement of facts from trial court hearing in reviewing discretionary determination).

GAMMAGE, J., joins in this dissenting opinion.