IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0667
════════════
 
Eberhard Samlowski, M.D., Petitioner,
 
v.
 
Carol Wooten, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Tenth 
District of Texas
════════════════════════════════════════════════════
 
 
Argued November 18, 2009
 
 
 
            
Justice 
Wainwright, dissenting in part and concurring in the 
judgment.
 
            
The requirement to serve an expert report from a qualified health care 
expert on defendant health care providers within 120 days of filing suit is 
intended to cull out at an early stage of the litigation medical malpractice 
claims that have not been shown to have merit. The Texas Medical Liability Act 
instructs courts to dismiss such claims. Tex. Civ. Prac. & Rem. 
Code § 74.351. At 
that stage, the claims that have been shown likely to have merit may proceed. 
See Leland v. Brandal, 257 S.W.3d 204, 208 
(Tex. 2008) (noting that section 74.351 strikes a balance between “eradicating 
frivolous claims and preserving meritorious ones”). The hurdle dividing the two 
is the expert report.
            
The Legislature established an expert report hurdle that should be cost 
and time efficient. See In re McAllen Med. Cntr., Inc., 275 S.W.3d 
458, 467 (Tex. 2008). The question in this case is how to define the 
characteristics of an inadequate expert report that nevertheless entitle a 
claimant to obtain a statutory extension to cure the 
report.
            
Justice Medina attempts to 
erect a just standard under the applicable statute for reviewing trial court 
decisions to grant or deny extensions to cure expert reports. In his view, 
“generally a trial court should grant an extension when the deficient report can 
be cured within the thirty-day period the statute permits.” ___ S.W.3d ___. Unfortunately, this standard is neither cost 
nor time efficient. His opinion directs the trial court to consider matters 
beyond the four corners of the report but leaves undecided the limits on the 
scope of extraneous matter that a trial court may consider. Whether it’s an 
attorney’s busy schedule, the client’s unavailability, the expert’s mistake, or 
something else, the trial court must conduct a hearing on, and weigh the 
credibility of, such extraneous assertions. His opinion then requires the 
plaintiff to move the trial court to reconsider a denial of an extension with 
the option of filing a cured expert report, the sufficiency of which the trial 
court then ponders. More time passes. This procedure will often add to the 
litigation and raise the costs, extend the time, and undermine the purpose of 
the intended efficient hurdle. The statute contains no 
mention of extraneous evidence, additional delay, or additional hearings, and 
neither it nor the opinion place deadlines on completion of these new 
procedures.
            
In my view, for an extension to be considered, an expert report must 
address all of the elements required by statute to be in the report—duty, 
breach, and a causal relationship between the breach and the plaintiff’s 
injury.[1] An expert report is:
[A] written report by an expert that provides a fair 
summary of the expert’s opinions as of the date of the report regarding 
applicable standards of care, the manner in which the care rendered by the 
physician or health care provider failed to meet the standards, and the causal 
relationship between that failure and the injury, harm, or damages 
claimed.
 
Tex. Civ. 
Prac. & Rem. Code § 74.351(r)(6). The Legislature determined that a medical malpractice 
claim supported by an expert report that satisfies subsection (r)(6) possesses the requisite merit to proceed beyond that 
hurdle. If such a report has not been served on the defendant health care 
provider within 120 days after the original petition is filed, on motion of the 
defendant the court “shall” dismiss the claim. Id. 
§ 74.351(b). However, if the report fails to satisfy subsection 
(r)(6) “because elements of the report are found 
deficient,” then the trial “court may grant one 30-day extension to the claimant 
in order to cure the deficiency.” Id. 
§ 74.351(c). The legislative requirement that 
elements of the expert report be found deficient as a condition to considering 
an extension presumes that the elements at least be included in the 
report. See Ogletree v. Matthews, 262 
S.W.3d 316, 320 (Tex. 2007) (“[A] deficient report differs from an absent 
report.”); Leland, 257 S.W.3d at 207 (“The statute does not allow for an 
extension unless, and until, elements of a report are 
found deficient . . . .”). Unless an expert report addresses all of 
the required elements, section 74.351(c) does not authorize a trial court to 
consider an extension. As we explained in Walker v. Gutierrez, a 
claimant’s expert report that omits one or more of the statutorily required 
elements fails to be eligible for a grace period. 111 S.W.3d 56, 65 (Tex. 2003) 
(interpreting the predecessor statute—the Medical Liability and Insurance 
Improvement Act, Tex. Rev. Civ. Stat. art. 4590i, 
§ 13.01(r)(6), repealed by Act of June 2, 
2003, 78th Leg., ch. 204, § 10.09, 2003 Tex. Gen. Laws 
847, 884).[2]
            
I also question whether the standard for a court’s determination of the 
adequacy of an expert report, a precondition to considering an extension, should 
be an abuse of discretion. In American Transitional Care Centers of Texas, 
Inc. v. Palacios, we held that to be the standard. 46 
S.W.3d 873 (Tex. 2001). But Palacios relied in large part on the 
statement in the predecessor statute, article 4590i, § 13.01(e), that upon 
failure of the report to satisfy statutory requirements the court must “enter an 
order as sanctions.” Id. at 
877. In the amended language of the Chapter 74 recodification of article 4590i, if an expert report is not 
timely served, the trial court shall “enter an order” that dismisses the claim. 
Tex. Civ. Prac. & 
Rem. Code § 74.351(b). 
The characterization that such an order is a “sanction” has been removed from 
the text of the statute. Along with it, Palacios’s proper and supporting 
rationale that “[s]anctions are generally reviewed 
under an abuse-of-discretion standard” was removed as well. See 46 S.W.3d at 877.
            
Appellate review of an expert report is analogous to review of a summary 
judgment. Appellate courts review the same pieces of paper that the trial court 
reviews. Personal observations of human behavior that appropriately suggest 
deference to certain trial court rulings in proceedings with live witnesses do 
not arise when the trial court interprets a document. See Otis Elevator Co. 
v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993) 
(“[Where] the trial court heard no evidence but expressly based its decision on 
the papers filed and the argument of counsel . . . there are no factual resolutions 
to presume in the trial court’s favor.”). I would suggest a de novo standard of 
review on appeal for rulings on the adequacy of expert reports under Chapter 74. 
Cf. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 
(Tex. 2003) (reviewing a trial court’s grant of summary judgment de novo); 
MCI Telecomms. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 650–51 (Tex. 
1999) (reviewing a trial court’s legal conclusions on an unambiguous contract de 
novo).
            
Justice Johnson argues 
that the word “may” in section 74.351(c) provides a 
trial court discretion in granting or denying an extension. But the Code 
Construction Act also instructs that “may” could also denote a legislative grant 
of power to act. Tex. Gov’t Code 
§ 311.016(1) (“‘May’ creates discretionary authority or grants 
permission or a power.” (emphasis added)). If 
courts are interpreting a document and are not issuing a sanction, the logic for 
an abuse of discretion standard falls away. Justice Medina expands the extension 
analysis to include extraneous evidence, both before and after the trial court’s 
decision, laying the groundwork for his argument for an abuse of discretion 
standard. Besides the increased litigation expense, such a standard will also 
result in disparate rulings in different courts addressing materially indistinct 
expert reports. In these circumstances, a de novo standard would promote 
consistency and predictability across the state.
            
Applying a de novo standard of review to this case, I would reverse the 
trial court’s ruling because although elements of the expert report were found 
deficient, the report addressed each of the elements required by the statute. 
See Tex. Civ. Prac. & Rem. Code 
§ 74.351(c); Walker, 
111 S.W.3d at 65. I therefore concur in the Court’s 
judgment, for the reasons explained herein. I also join Parts I and II.B of 
Justice Guzman’s 
concurrence.
 
                                                                                                                        
            
______________________________________
                                                                                                                                    
Dale Wainwright
                                                                                                                                    
Justice
 
OPINION DELIVERED: February 25, 2011






[1] There 
is no challenge in this case to the expert’s qualifications.

[2] While a 
trial court’s consideration of a motion to dismiss and a 
motion for an extension are inseparable, see Ogletree, 262 S.W.3d at 321, the statutory grounds 
for dismissal of a claim versus granting an extension to cure an expert report 
are, to some degree, distinct. Section 74.351(l) instructs that a claim 
for which the corresponding expert report does not represent a good faith effort 
to provide an adequate expert report “shall” be dismissed on proper motion. 
Tex. Civ. Prac. & 
Rem Code § 
74.351(l). If that mandate governed the entirety of 
section 74.351, then the authorization to grant an extension in section 
74.351(c) would be meaningless. See Ogletree, 
262 S.W.3d at 321. Further, “good faith” is a 
consideration in dismissal of claims but not in extensions to cure the report. I 
agree with Justice Medina’s opinion that “good faith” is not a 
consideration in the analysis of an extension under section 74.351(c). ___ S.W.3d ____.  “Good faith” is important to determining 
the adequacy of an expert report. See Tex. Civ. Prac. & Rem. 
Code § 74.351(l). The 
term is in the text of section 74.351(l) but not in the text of section 
74.351(c). It therefore appears that the grounds for considering the dismissal 
of a report versus the extension of time to serve an adequate report are 
independent, except for the initial determination that the report is 
inadequate.