Sandra LAWSON, Appellant,

v.

Harold J. MUCKLEY, Appellee.

No. 01–91–00130–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Rehearing Denied April 23, 1992.

Joe Alfred Izen, Jr., Bellaire, for appellant.

* The Honorable Frank C. Price, former justice, *Court of Appeals, First District of Texas at*

Bonham, Carrington & Fox, P.C., Kenneth T. Fibich, Rhonda R. Chandler, Houston, for appellee.

Before TREVATHAN, C.J., and MIRABAL and PRICE*, JJ.

OPINION

TREVATHAN, Chief Justice.

As a sanction for discovery abuse, the trial court struck appellant, Sandra Lawson's, pleadings and dismissed her suit against appellee, Harold J. Muckley. In three points of error, appellant challenges the trial court's order of dismissal on the grounds that: (1) the trial court abused its discretion in dismissing appellant's cause of action, (2) the trial court's dismissal of her case exceeded proper bounds of discretion, and (3) the trial court abused its discretion in denying her motion for new trial. We affirm the trial court's dismissal.

The following is a chronology of events relevant to this appeal.

*August 11, 1989*

Lawson filed suit against Muckley on the grounds of breach of contract and estoppel.

*September 7, 1989*

Muckley answered and noticed Lawson for deposition on September 22, 1989.

*September 21, 1989*

Lawson filed motion for protection based on health reasons and requested reset of the deposition for October 13, 1989. The motion was supported by a physician's affidavit. Although there is no ruling in the record on Lawson's motion, no deposition was taken, and no certificate of nonattendance was taken.

*October 2, 1989*

Muckley noticed Lawson's deposition for October 13, 1989, and requested Lawson to produce documents related to her financial affairs.

Houston, sitting by assignment.

*October 12, 1989*

Lawson filed a motion for protection, asserting the same health problems (with a new doctor's affidavit). Lawson requested the deposition be reset to November 2, 1989, a hearing on her motion, and an in-camera inspection of Lawson's documents. The record does not show that a hearing was held on this motion for protection.

*October 13, 1989*

Muckley took a certificate of nonattendance.

*November 14, 1989*

Muckley noticed Lawson's deposition for November 22, 1989.

*November 22, 1989*

Lawson did not appear for the deposition and did not file a motion for protection. Muckley took a certificate of nonattendance.

*December 8, 1989*

Muckley commenced Lawson's deposition. Lawson refused to produce requested documents and refused to answer questions about her income.

*January 17, 1990*

Muckley filed his first motion to compel responsive answers and for sanctions.

*February 5, 1990*

The Court heard Muckley's first motion to compel and ordered an in-camera inspection of tax returns, and that Lawson appear for deposition within 10 days after a ruling on production.

*March 6, 1990*

The Court conducted the in-camera inspection, and ruled that the tax returns were to be produced subject to being sealed from the public.

*April 30, 1990*

Muckley renoticed Lawson's deposition for May 11, 1990.

*May 11, 1990*

Lawson did not file a motion for protection and did not appear. Muckley took another certificate of nonattendance.

*June 8, 1990*

Muckley filed his second motion to compel discovery and for sanctions.

*July 2, 1990*

The Court heard the motion to compel, found that Lawson had "willfully and contumaciously disobeyed a prior order of this Court and has failed to appear four times for properly noticed deposition." The Court ordered Lawson to appear for deposition on July 17, 1990, produce the documents previously ordered by the Court, and pay $1,500 to Muckley on or before October 1, 1990, as reimbursement for attorney's fees. The trial court also ordered Lawson's pleadings stricken with prejudice without further order of the court if Lawson failed to appear for the deposition or pay the attorney's fees by October 1, 1990.

*July 16, 1990*

Lawson filed a motion for protection, supported by a doctor's affidavit, requesting reset of the deposition for August 27, 1990 because on June 27, 1990, Lawson was admitted to the hospital for a hysterectomy. The record does not show that the motion was acted on by the court.

*July 17, 1990*

Muckley took a certificate of nonattendance.

*July 19, 1990*

Muckley filed his first motion to dismiss.

*July 25, 1990*

The Court ordered Lawson to appear for deposition on August 7, 1990. If Lawson was in the hospital on that day, the deposition could take place in the hospital. The judge also ordered that if Lawson did not appear for deposition or failed to pay $1,500 to Muckley on or before October 1, 1990, Lawson's pleadings would be stricken with prejudice without further order of the court.

*August 6, 1990*

Lawson notified Muckley and the trial court of Lawson's admission to the hospital the day before and that the deposition would take place in the hospital. The deposition did not occur because upon arrival at the hospital, Muckley's attorney was informed Lawson's blood pressure was elevated.

*August 23, 1990*

Muckley renoticed Lawson's deposition for September 25, 1990.

*September 25, 1990*

Lawson's counsel, with video equipment appeared late at Muckley's counsel's office for continuation of the deposition. Lawson did not appear with her counsel. Muckley's counsel told Lawson's counsel he wanted to go forward with the deposition, but would not allow the videotaping because he did not receive the written notice of a video deposition as required by the rules of procedure. Lawson's counsel left, and Muckley took another certificate of nonattendance.

*October 1, 1990*

Lawson filed a motion for protective order offering to commence the deposition on October 29, 1990. Muckley filed his motion to enter order of dismissal.

*October 2, 1990*

The Court heard the motion for protective order and the motion to enter dismissal.

*October 11, 1990*

The Court entered a final order of dismissal that contains an express finding that Lawson had "willfully and contumaciously refused to obey orders of ... [the trial court] and to participate in discovery and hindered discovery pursuant to the Texas Rules of Civil Procedure." Lawson had never paid the $1,500 sanction.

*December 21, 1990*

The Court denied Lawson's motion for new trial.

■ The discovery sanctions imposed by a trial court are within that court's discretion, and will be set aside only if the court clearly abused its discretion. *Bodnow v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *United Business Mach., Inc. v. Southwestern Bell Media, Inc.*, 817 S.W.2d 120, 122 (Tex.App.—Houston [1st Dist.] 1991, no writ). The trial court's discretion in this area is broad. *Id.* To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex.

1984); *United Business Mach., Inc.* 817 S.W.2d at 122.

The appellant relies heavily on the decision *Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). The reliance is misplaced. It is undisputed that the trial court made specific orders, and appellant failed to comply. *See Otis Elevator Co. v. Parmelee*, 817 S.W.2d 731, 736 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Appellant does not contend that the trial court refused to hear any evidence against imposition of sanctions, and most importantly, appellee did complain of and demonstrate a pattern of discovery abuse. *See id.*

■ In this case, before the sanction of dismissal, the court, after finding that appellant had "willfully and contumaciously disobeyed a prior order of this Court and has failed to appear four times for properly noticed deposition," ordered the lesser sanction of payment of $1,500. Having received this sanction, and having been ordered to appear for deposition under threat that failure to comply would result in dismissal of her case, appellant failed to appear for the deposition or to pay the monetary sanction.

Appellant asserts that her poor health and poor legal advice caused her to incur the wrath of the court. Our detailed evaluations of the chronology reveals otherwise. We hold the trial court's action in dismissing the case was not arbitrary or unreasonable in light of all the circumstances of this case. In fact, we believe the court demonstrated an earnest desire to give appellant an opportunity to comply with the court orders and requested discovery. Appellant's conduct was self-destructive. We overrule appellant's first and second points of error.

In her third point of error, appellant asserts the trial court abused its discretion in denying appellant's motion for new trial. Considering the facts recited herein, the trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's third point of error.

We affirm the judgment of the trial court.