Mrs. Shari BAIR, Individually and as Representative of the Estate of C.W. Bair, Peter Voskamp, and Jerry Amussen, Appellants,

v.

William Fred HAGANS, Hagans & Sydow, Sewell and Riggs, Barry Abrams, William Matthews, and Clyde Wilson, Appellees.

No. 01–91–00898–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 13, 1992.

Rehearing Denied Oct. 29, 1992.

**678**

Valorie W. Davenport, Houston, for appellants.

Alvin Laser, Roger D. Oppenheim, Kathleen Walsh Beirne, Houston, for appellees.

Before DUNN, SAM BASS and WILSON, JJ.

## OPINION

DUNN, Justice.

As a sanction for discovery abuse, the trial court dismissed with prejudice Shari Bair, Peter Voskamp, and Jerry Amussen's (appellants) suit against William Fred Ha-

gans, Hagans & Sydow, Sewell and Riggs, Barry Abrams, William Matthews, and Clyde Wilson (appellees). In nine points of error, appellants challenge the trial court's order of dismissal on the grounds that: 1) the trial court abused its discretion in dismissing appellants' cause of action; 2) the trial court abused its discretion in denying their motion for new trial; 3) the trial court erred in dismissing appellants' suit because there was no evidence, or alternatively, insufficient evidence that any breach of discovery was committed or contributed to by the party appellants; 4) the trial court erred in dismissing appellants' suit because there is no evidence, or alternatively insufficient evidence of any inquiry by the trial court regarding whether lesser sanctions would have been effective as to any or all of appellees; 5) pursuant to the *Trans-American* case, the imposition of "death penalty" sanctions violated appellants' right to due process under the Texas and United States constitutions; 6) pursuant to the *TransAmerican* case, the imposition of "death penalty" sanctions violated appellants' right to trial by jury under the Texas Constitution.

In their first point of error, appellants contend the trial court committed reversible error in dismissing their causes of action absent findings or evidence that the sanction of dismissal was "just" under rule 215 of the Texas Rules of Civil Procedure.

The following is what the record shows regarding each appellee.

William Fred Hagans and Hagans & Sydow

Suit was filed by appellants on December 1, 1989. On September 28, 1990, Hagans answered, and Sydow denied that a partnership existed between him and Hagans at the time of the alleged occurrences.

On October 26, 1990, Hagans requested interrogatories and production. On January 9, 1991, Hagans filed his motion to compel, which was to be heard by submission on January 28, 1991. On February 1, 1991, the trial court issued an order requiring appellants to answer Hagans' discovery requests within 15 days or face a penalty of dismissal for failure to comply.

On February 21, 1991, Hagans wrote a letter to appellants' counsel about appellants' failure to produce in compliance with the trial court's February 1, 1991, order. However, the record on the motion for new trial reflects that the legal assistant for appellants' counsel was in charge of all correspondence and documents pertaining to the lawsuit. It also shows that until May 27, 1991, the legal assistant had signed all letters on behalf of appellants' counsel. Appellants' counsel and the legal assistant, in her affidavit, asserted on motion for new trial that appellants' counsel did not learn of the production problem and the February 1, 1991, order until May 27, 1991. Appellants' counsel attributed these problems to problems with her legal assistant. Because the legal assistant was suffering through a serious illness, she failed to keep appellants' counsel informed of letters and discovery requests from appellees' attorneys, and failed to keep appellants' counsel's calendar updated, e.g., the assistant failed to calendar the February 1, 1991, order.

Appellants' counsel asserted in her response to Hagan's motion to dismiss that on January 28, 1991, she had made available to Hagans' counsel the material requested, even though she was not aware of the motion and order to compel and she was not aware of any problems with production. She stated that her office had notified all appellees' attorneys of the availability of the major portion of the documents on January 28, 1991. Appellants' counsel asserted that some of the attorneys had inspected the documents, but that Hagans' attorney did not do so.

Hagans' attorney sent his motion for dismissal to appellants' counsel on May 14, 1991, with oral hearing on the motion set for June 10, 1991. The record on motion for new trial reflects that appellants' counsel was not aware of the motion until May 27, 1991. On June 3, 1991, appellants' counsel notified Hagans' attorney that all the requested documents were at John O'Quinn's office, and that the answers to the interrogatories were complete and being forwarded. Appellants sent their answers to interrogatories to Hagans' attorney on June 11, 1991. Hagans' motion for dismissal sanctions was heard by the trial court, and appellants' causes of action were dismissed.

Clyde Wilson

On September 5, 1990, Wilson's attorney sent appellants' counsel interrogatories and request for production. Wilson filed a motion to compel on April 12, 1991. This motion was heard by submission. An order was entered on May 17, 1991, signed by the trial court, ordering production from appellants within 30 days of the order, i.e., June 16, 1991. The motion for new trial record reflects that appellants' counsel did not learn of this motion or order until May 27, 1991, about the same time she learned of the problems with production for Hagans.

On June 11, 1991, appellants submitted answers to Wilson's interrogatories, well within the 30 days allowed under the Wilson order to compel. Appellants' counsel also produced and made available the documents requested at an appointed place on June 7, 1991. Wilson filed his motion to dismiss on June 5, 1991, with oral hearing on the motion set for June 10, 1991. On June 13, 1991, the trial court signed the order of dismissal for all appellees, approximately three days before Wilson's order to compel production expired.

Sewell & Riggs, Barry Abrams, and William Matthews (SRAM)

SRAM first requested production of documents from appellants on July 10, 1990. Letters were sent from SRAM to appellants' counsel on August 3, 1990, and on September 9, 1991, regarding the production of documents. In September, SRAM filed a motion to compel production, with a hearing on the motion set for November 26, 1990. After a discussion with appellants' counsel regarding the production, SRAM agreed to pass the hearing on the motion to compel. On January 31, 1991, appellants' counsel notified SRAM that 18 to 20 boxes of documents they had requested were available for inspection.

In mid-May, 1991, SRAM filed a motion to dismiss or alternative action, with a hearing on the motion set for June 10, 1991, the same date as the hearing on

Hagans' and Wilson's motions to dismiss. On June 7, 1991, the final production of the documents requested by SRAM were made available to them by appellants' counsel. Appellants' responses to interrogatories were completed on June 11, 1991, and July 3, 1991.

We note that during the period between October 29, 1991, when SRAM passed their hearing on their motion to compel, until May 27, 1991, when they filed their motion to dismiss, SRAM made no attempt to reurge their motion to compel.

Appellants contend the trial court abused its discretion by dismissing their causes of action with prejudice. Appellants further assert that even if there is evidence to support the trial court's order of dismissal, the trial court's findings do not meet the test of the *TransAmerican* case.

■ Discovery sanctions imposed by a trial court are within that court's discretion, and will be set aside only if the trial court clearly abused its discretion. *Bodnow v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). A trial court's discretion in this area is broad. *United Business Mach., Inc. v. Southwestern Bell Media, Inc.*, 817 S.W.2d 120, 122 (Tex.App.—Houston [1st Dist.] 1991, no writ). To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex. 1984).

■ An imposition of a sanction for discovery abuse under rule 215 of the Texas Rules of Civil Procedure must be "just." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 916–17 (Tex.1991). Whether the imposition is "just" is measured by two standards. *Id.* at 917. First, a "just" sanction must be directed against the abuse and toward remedying the prejudice caused the injured party, i.e., the sanction should be imposed against the actual offender. *Id.* A trial court must attempt to determine whether the discovery abuse is attributable to an appellant's counsel, to the party, or to both. *Id.* Second, a "just" sanction must not be excessive, i.e., a trial court must consider the availability of less-

er sanctions and whether the lesser sanctions would fully promote compliance. *Id.*

Dismissal of the causes of action against Wilson

■ We hold that the trial court abused its discretion in imposing the sanction of dismissal on appellants. The May 17, 1991, order compelling appellants to produce certain documents provided that appellants would be given 30 days to answer Wilson's interrogatories and produce the documents requested by Wilson. However, the trial court dismissed appellants' cause of action while this motion to compel was pending and before appellants had a full opportunity to respond to the May 17, 1991, order to compel. As shown in the record, appellants did submit answers to Wilson's interrogatories on June 11, 1991, well within the 30 days allowed under the Wilson order to compel. Appellants' counsel also produced and made available the documents requested by all appellees at an appointed place on June 7, 1991. The trial court failed to consider whether the order to compel would have promoted full compliance (which it did). The record reflects the trial court also failed to consider imposing lesser sanctions on appellants. Therefore, the trial court abused its discretion in dismissing appellants' causes of action against Wilson. *TransAmerican*, 811 S.W.2d at 917.

Dismissal of the causes of action against SRAM

■ We hold that the trial court abused its discretion in imposing the sanction of dismissal on appellants. There is nothing in the record to indicate that the trial court considered lesser sanctions before imposing the sanction of dismissal against appellants. Regarding appellants' causes of action against SRAM, the only request for sanctions by SRAM was the motion to dismiss. There is no finding in the trial court's dismissal order stating that less stringent sanctions had been considered by the trial court. SRAM had not requested the trial court to impose less severe sanctions before requesting the trial court to dismiss appellants' causes of action. Be-

cause the imposition of the dismissal sanction was not "just" under the second standard set out in *TransAmerican*, the trial court abused its discretion in dismissing appellants' causes of action against SRAM. *TransAmerican*, 811 S.W.2d at 917.

Dismissal of the causes of action against Hagans

■ Hagans asserts that *TransAmerican* is not applicable to this case because appellants violated the trial court's February 1, 1991, order compelling production of documents and answers to interrogatories. Hagans relies upon the cases of *Otis Elevator Co. v. Parmelee*, 817 S.W.2d 731 (Tex.App.—Houston [1st Dist.] 1991, writ denied), and *Lawson v. Muckley*, 827 S.W.2d 484 (Tex.App.—Houston [1st Dist.] 1992, no writ), to support this argument. In both *Otis Elevator* and *Lawson*, this Court found that *TransAmerican* did not apply because, as distinguished from the facts of *TransAmerican*: 1) the trial court made orders the appellants did not comply with; 2) the appellants did not contend that the trial court refused to hear any evidence against imposing sanctions; and 3) the appellees did not complain of a pattern of discovery abuse. *Lawson*, 827 S.W.2d at 486; *Otis Elevator*, 817 S.W.2d at 736.

Here, appellants did fail to comply with one court order, and appellants do not contend that the trial court refused to hear any evidence against imposing sanctions. However, as distinguished from *Otis Elevator* and *Lawson*, Hagans did not complain of a pattern of discovery abuse. The record reflects that appellants' counsel had been cooperating in attempting to produce all documents requested by Hagans and to answer all interrogatories. The only "discovery abuse" by appellants that is reflected in the record was their failure to comply within the required 15 days under the trial court's February 1, 1991, order to compel. However, appellants' counsel had made the requested documents available to Hagans attorney on January 28, 1991. On June 3, 1991, before the dismissal hearing, appellants' counsel notified Hagans' attorney that all the requested documents were at John O'Quinn's office, and that the answers to interrogatories were complete and

were being forwarded. Appellants sent the answers to interrogatories on June 11, 1991. In her response to the motion to dismiss, appellants' counsel explained why she had failed to comply with the trial court's February 1, 1991, order. Through no bad faith on her part or on the part of appellants, counsel's legal assistant failed to make a notation regarding the trial court's order on appellants' counsel's calendar. These facts do not demonstrate a pattern of discovery abuse, but rather show that due to the legal assistant's illness, appellants' counsel was unaware of the trial court's order. Also, the facts of this case are distinguishable from *Lawson* and *Otis Elevator* because appellants failed to comply with *one* trial court order, not multiple orders as did the appellants in *Lawson* and *Otis Elevator*. *Lawson*, 827 S.W.2d at 486; *Otis Elevator*, 817 S.W.2d at 736. Therefore, *TransAmerican* does apply to this case.

Applying the *TransAmerican* standards, we hold that the trial court abused its discretion in dismissing appellants' causes of action. There is nothing in the record to indicate that the trial court considered lesser sanctions before imposing the sanction of dismissal against appellants. There is no finding in the trial court's dismissal order stating that less stringent sanctions had been considered by the trial court. An order to compel is not a lesser sanction under rule 215(1)(b). Tex.R.Civ.P. 215(1)(b). Rule 215(1)(b) provides that if a party fails to comply with an order to compel, the trial court may impose sanctions as provided in the rule. Tex.R.Civ.P. 215(b). When appellants failed to comply with the trial court's February 1, 1991, order, the trial court should have considered lesser sanctions. *See TransAmerican*, 811 S.W.2d at 917. Because the imposition of the dismissal sanction was not "just" under the second standard set out in *TransAmerican*, the trial court abused its discretion in dismissing appellants' causes of action against SRAM. *Id.*

Appellants' first point of error is sustained.

Due to the disposition of appellants' first point of error, we do not address the remaining eight points of error.

The judgment is reversed and the causes of action remanded to the trial court.