Opinion issued November 30, 2006
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00194-CV




THEODORE JACKSON, Appellant

V.

LOUVENIA JACKSON, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-133096




MEMORANDUM OPINION
          This is an appeal from a decree of divorce and property division rendered after
a bench trial. Appellant, Theodore Jackson (husband), challenges the property-division portion of the final decree that dissolved his 1991 marriage to appellee,
Louvenia Jackson (wife). Husband states a global challenge in which he complains
that the property division disproportionately favored wife. He also presents five
specific issues in which he argues that the trial court (1) mischaracterized husband’s
separate property as community property, (2) improperly relied on documents not
admitted into evidence, (3)(a) abused its discretion by ordering “death penalty”
sanctions and (b) violated rule 3 of the Rules of Civil Procedure by applying the local
rules of Fort Bend County Courts, and (4) abused its discretion by divesting husband
of his separate property, all of which resulted in (5) cumulative error. We affirm. 
Underlying Facts and Procedural Background
          Husband and wife were married in July 1991. No children were born during
the marriage. Wife’s son from a previous marriage lived with the couple until he was
16 years old, and husband’s sister, whom he described as “mentally challenged” and
“slightly disabled,” began living with the couple in 1993. Husband and wife each
claimed at trial to have contributed to husband’s sister’s care, both financially and by
devoting time to her care. Two of husband’s sons from a previous marriage lived
with the couple briefly. Husband owned the couple’s residence. The community
earned income through six rental properties , which they owned and rented to others. 
Wife also owned property in Louisiana. 
          Wife worked for Dow Chemical Company, and husband worked for Hydro
Chem Industrial Services, a former subsidiary of Dow Chemical Company. Wife also
earned supplemental income selling cosmetic products. Both husband and wife had
borrowed against their respective 401K plans. Wife stopped working for Dow in
June 2004, when the company downsized and offered a severance package, which she
accepted. 
          Husband and wife had sought a divorce and separated in 1995, but reconciled. 
Marital discord resurfaced in 2000, and the couple stopped living together in
November 2003, when wife filed this divorce action. Her petition alleged adultery
and cruelty as grounds for an award of a disproportionate share of the parties’ marital
estate. Husband’s pleadings include a counterpetition for divorce in which husband
claimed that he owned separate property, not part of the community estate, but
husband did not identify that property until trial.
          Wife, husband, and their respective counsel testified at the one-day trial. The
primary focus of the trial was to divide the parties’ property, as identified in wife’s
sworn inventories and appraisements. As a result of sanctions entered against
husband for not filing an inventory and appraisement ten days before trial, husband
was not allowed to dispute the values that wife attributed to certain assets in her
inventory at trial. But, the trial court ruled that husband could state his preferences
concerning disposition of certain assets, and husband testified extensively about his
separate property, divorce settlement from a former marriage, income sources and
their origin, an inheritance used toward purchase of the couple’s residence, and a life
insurance policy and bonds purchased before the marriage and stored in a safety-deposit box. Wife stipulated at trial that husband owned 600 shares of Dow Chemical
stock as his personal, separate property. The record reflects acquiescence by the
parties in yielding to their respective preferences for disposition of property,
including the property that husband identified at trial as his personal, separate
property. 
          At the conclusion of trial, the trial court declared the parties divorced and
reserved ruling on the property division. Six days later, the trial court issued an
informal notice advising the parties of the court’s proposed property division. The
trial court signed a formal decree of divorce and property division in accordance with
that notice on February 3, 2005. In response to husband’s request, the trial court
signed findings of fact and conclusions of law. 
Standard of Review
          Wife proposed the findings of fact and conclusions of law signed by the trial
court. The findings and conclusions do not encompass the trial court’s sanction
order, but husband did not propose additional or amended findings after the trial court
adopted the findings proposed by wife. See Tex. R. Civ. P. 298. 
          In an appeal from a bench trial, we review a trial court’s conclusions of law de
novo as legal questions, and we will uphold the conclusions if the judgment can be
sustained on any legal theory supported by the evidence. BMC Software Belgium,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); In re Moers, 104 S.W.3d 609,
611 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Though a trial court’s
conclusions of law may not be challenged for factual sufficiency, we may review the
legal conclusions drawn from the facts to determine whether the conclusions are
correct. BMC Software Belgium, N.V., 83 S.W.3d at 794. If we determine that a
conclusion of law is erroneous, but that the trial court nevertheless rendered the
proper judgment, the error does not require reversal. Id.; Vaughn v. DAP Fin. Servs.,
982 S.W.2d 1, 6 (Tex. App.—Houston [1st Dist.] 1997, no pet.); see Tex. R. App. P.
44.1(a) (stating standards for reversible error in civil cases). 
          The trial court acts as fact finder in a bench trial and is the sole judge of the
credibility of witnesses. See Murff v. Murff, 615 S.W.2d 696, 700 (Tex. 1981);
Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex. App.—Houston
[1st Dist.] 1992, writ denied). Accordingly, the trial court may consider all the facts
and circumstances in connection with the testimony of each witness and accept or
reject all or part of that testimony; an appellate court may not substitute its judgment
for the trial court’s assessment of testimony in a bench trial. See In re W.E.R., 669
S.W.2d 716, 716–17 (Tex. 1984). 
“Disproportionate Division” Challenge
          Husband globally asserts that the trial court’s division of the marital estate
disproportionately favored wife. Yet, husband does not explain or demonstrate how
the trial court’s disposition inequitably favors wife. Though wife’s petition requested
a disproportionate division of property based on allegations of husband’s adultery and
cruelty, nothing in the decree of divorce, the trial court’s findings of fact and
conclusions of law, or the clerk’s and reporter’s records suggests or indicates that the
trial court responded to wife’s request by dividing the parties’ property
disproportionately and husband has not demonstrated that this occurred. Husband
provides no facts, no citations to the record, and no argument to support his global
disproportionality challenge. See Tex. R. App. P. 38.1(h). 
          We thus conclude that husband has neither demonstrated nor supported his
global challenge, which we overrule for those reasons. 
                                             Separate Property Issues
          In his first and fourth issues, husband contends that the trial court
mischaracterized husband’s separate property as community property and therefore
divested husband of his separate property, which compels that we reverse. 
          Property owned or claimed by a spouse before marriage or acquired after
marriage by gift, devise, or descent shall be that spouse’s separate property. Tex.
Const. art. XVI § 15; Tex. Fam. Code Ann. § 3.001(1), (2) (Vernon 1998). A court
may not decree that separate property of one spouse become the separate property of
the other spouse because “the nature of separate property is determined by the Texas
Constitution, rather than by what is ‘just and right.’” Eggemeyer v. Eggemeyer, 554
S.W.2d 137, 140 (Tex. 1977). 
          Conversely, “property possessed by either spouse during or on dissolution of
marriage is presumed to be community property.” Tex. Fam. Code Ann. § 3.003(a)
(Vernon 2006). A party who claims that property is separate property must meet its
burden of proof by clear and convincing evidence. Id. § 3.003(b); see Vannerson v.
Vannerson, 857 S.W.2d 659, 669–70 (Tex. App.—Houston [1st Dist.] 1993, writ
denied) (applying same burden on appeal). Evidence is clear and convincing if it will
produce in the mind of the trier of fact a firm belief or conviction of the truth of the
allegation to be proven. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).
          Pursuant to Section 7.001 of the Family Code, the trial court “shall order a
division of the estate of the parties in a manner that the court deems is just and right.” 
Tex. Fam. Code Ann. § 7.001 (Vernon 2006). The value of specific items of
property is not an ultimate issue in the trial court’s property division and does not
require specific fact findings by the trial court. Rafferty v. Finstad, 903 S.W.2d 374,
376 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
          Because the trial court has wide discretion in effecting a just and right division
of the community estate, we may not reverse the disposition unless the trial court
clearly abused its discretion. Murff, 615 S.W.2d at 698; Alsenz v. Alsenz, 101 S.W.3d
648, 654 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); Rafferty, 903 S.W.2d
at 377. We indulge every reasonable presumption in favor of the trial court’s exercise
of its discretion in dividing a marital estate. Murff, 615 S.W.2d at 699; Vannerson,
857 S.W.2d at 669.
          A trial court abuses its discretion when it acts arbitrarily or unreasonably and
without reference to any guiding rules or principles. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). Because a trial court has no discretion in determining
what the law is, which law governs, or how to apply the law, we review this category
of discretionary rulings de novo. See id. at 840. In contrast, when we review a ruling
that results from the trial court’s having resolved underlying facts, we must defer to
the trial’s factual resolutions and any credibility determinations that may have
affected those resolutions and may not substitute our judgment for the trial court’s
judgment. See id. at 839–40. 
A.      Wells Fargo Accounts 
          In his first issue, husband contends that we must reverse because the trial
court’s sixteenth conclusion of law mischaracterized two Wells Fargo accounts as
“community property.” Husband’s arguments fall short of contending specifically
that the accounts are his separate, personal property. Indeed, as he specified at trial
and reaffirms on appeal, he had no personal funds in the accounts. Similarly, husband
does not contend that the trial court’s mischaracterization adversely affected the trial
court’s overall disposition of property, resulted in other error, or harmed husband in
any way. See Tex. R. App. P. 44.1(a).
          Husband objects, instead, to the trial court’s concluding that the funds in the
accounts were community property and by characterizing them in that manner, though
husband does not dispute that the trial court awarded the accounts to him in the
property division. Husband relies on his testimony that he held the accounts on
behalf of his sister, “as trustee or guardian,” though he did not specify which of those
capacities he held and offered no evidence of either. Husband explained that his
sister received monthly Social Security payments of about $900, that the checks were
made payable to him for his sister’s care, and that her checks were deposited directly
into the two accounts. Yet, husband conceded at trial that the funds had been used
recently to help maintain the household, and wife also claimed at trial that she
contributed financially to her sister-in-law’s support. 
          Wife acknowledged that she had identified the two accounts as community
property in her inventory. As she explained, however, she knew “nothing” about the
accounts and learned only through discovery that husband’s name was on both
accounts and did not know whether husband had deposited all of his sister’s funds
into the accounts. Because she lacked knowledge about the accounts, she listed both
of them as community property in her inventory. But, wife also requested, in
accordance with her proposed property division, that all accounts in husband’s name,
including these two accounts, be awarded to him. As the trial court’s decree and
remaining conclusions of law reflect, the trial court did precisely that. 
          Given the circumstances demonstrated by the record—that husband denied
having any personal funds in the accounts; stated that he held the funds for his sister,
as either her guardian or as a trustee, but without substantiating either; and conceded
that the funds had “recently” been used to maintain the household—and given that
both husband and wife claimed they contributed to his sister’s care, both financially
and by time spent on her care, there is no clear and convincing evidence that the
accounts constituted husband’s separate property within the meaning of section 3.001
of the Family Code and article XVI, section 15 of the Texas Constitution. Tex.
Const. art. XVI § 15; Tex. Fam. Code Ann. § 3.001(1), (2). See Tex. Fam. Code
Ann. § 3.003(b); In re C.H., 89 S.W.3d at 25; Vannerson, 857 S.W.2d 659, 669–70. 
Because husband did not establish that the accounts were his separate property, the
trial court did not abuse its discretion by applying the section 3.003(a) statutory
presumption to conclude that the funds in question were properly characterized as
community property, rather than separate property, for purposes of the division of
husband’s and wife’s community estate. See Tex. Fam. Code Ann. § 3.003(a).


 
          We overrule husband’s first issue. 
B.      Unidentified Separate Property
          In his fourth issue, husband argues that the trial court abused its discretion by
“divesting” husband of his separate property, in violation of section 3.001 of the
Family Code and article XVI, section 15 of the Texas Constitution. Tex. Const. art.
XVI § 15; Tex. Fam. Code Ann. § 3.001(1), (2). Husband’s brief addresses the
controlling legal principles, but he nowhere identifies any allegedly separate property
that is the subject of the alleged divestiture. Furthermore, the record reflects that the
trial court awarded to husband the property that husband identified at trial as his
separate property, and husband has not demonstrated otherwise. This property
includes his 600 shares of Dow Chemical stock, his Ameritrade stock, the inheritance
account, and his life insurance policies and saving bonds purchased before his
marriage to wife. 
          We conclude that husband has not presented sufficient argument, supported
with citations to the record, to support his divestiture claim and thus conclude that
husband has not demonstrated any basis on which this Court might grant relief. See
Tex. R. App. P. 38.1(h). 
          We overrule husband’s fourth issue. 
Reliance on Documents not Admitted into Evidence
          In his second issue, husband challenges the trial court’s eighteenth conclusion
of law, which lists the debts assigned to wife and includes debts for Capitol One and
Palais Royal credit card accounts. Husband argues that the trial court relied on
documents not admitted into evidence by including these accounts among the debts
assigned to wife because the accounts are not listed on wife’s second sworn inventory
and appraisement, on which wife relied on at trial. 
          The record reflects that wife timely filed two sworn inventories and
appraisements, as follows: a second amended inventory and appraisement on
September 14, 2004, showing a net community estate valued at $846,805.59, and a
third amended inventory and appraisement on January 3, 2005, showing a net
community estate valued at $821,402.37. During the conferences that preceded trial,
wife’s counsel announced that she had inadvertently not attached a proposed property
division to wife’s third amended, sworn inventory and appraisement, filed on January
3, 2005 and would, therefore, proceed to trial based on her earlier-filed, second
amended, sworn inventory and appraisement. Wife did not, however, formally
withdraw the later-filed inventory and appraisement and later succeeded in admitting
it and its attached, proposed property disposition into evidence, without objection by
husband. 
           Husband contends that because wife elected to proceed to trial on the earlier-filed inventory and appraisement, the trial court improperly considered property listed
in the later inventory and appraisement, specifically, the debts on the Capitol One and
Palais Royal accounts, in dividing the parties’ marital estate. 
          Wife acknowledges that there was no direct testimony at trial concerning the
debts on the Capitol One and Palais Royal accounts and agrees that the trial court
necessarily relied on the later-filed inventory and appraisement in assigning those
debts to wife. Wife counters that the trial court properly exercised its discretion by
relying on the later-filed inventory, pursuant to this Court’s Vannerson decision. We
agree. 
          As in Vannerson, wife’s inventories were both verified and filed with the trial
court and, therefore, a proper subject for judicial notice by the court. See id., 857
S.W.2d at 671. Also as in Vannerson, the record reflects that the trial court referred
to both the earlier-filed and the later-filed sworn inventories during trial. See id. In
this case, moreover, husband’s own testimony refers to the Palais Royal account
disclosed only in the later-filed inventory. Furthermore, when wife testified at trial
about debts and property identified only in the later-filed sworn inventory,
specifically the Hancock bank accounts and her credit union loan, husband did not
object that wife had listed those matters only in the later-filed inventory, but, rather,
questioned wife concerning them. The record thus reflects that husband was on
notice of references to the later-filed inventory at trial, but did not object, and,
moreover, referred to the inventory himself.
          The record also reflects that husband delayed responding to discovery that
would enable wife to provide full information in her inventories, appraisement, and
proposed property division, and that husband never filed his inventory, appraisement,
and proposed property division. Nothing in the record suggests that, in offering to
proceed to trial on the earlier-filed inventory and appraisement, wife also intended to
abandon all items listed in that document. 
          Husband further contends that he was effectively precluded from testifying
about items that were omitted from the earlier-filed inventory and “from testifying as
to the community’s claim for reimbursement.” As stated, however, husband had
notice, through wife’s testimony and the trial court’s questions and comments, of
items omitted from the earlier-filed inventory, though included in the later-filed
inventory. In addition, husband questioned wife about two of those items, the
Hancock bank accounts and her credit-union loan, and testified himself about the
Palais Royal credit-card account. 
          Concerning husband’s reimbursement claims for contribution to the community
estate, husband testified, without objection, that he dedicated inherited funds toward
the purchase of the couple’s residence. To the extent that husband had other
reimbursement claims, he neither offered additional testimony nor otherwise
preserved, by a bill of exceptions, what those claims might be. See Tex. R. App. P.
33.1(a), 33.2; Tex. R. Evid.103(a)–(b). 
          We hold that the trial court did not err by considering wife’s later-filed, but
timely filed, sworn inventory and appraisement in dividing the parties’ marital estate. We overrule husband’s second issue. 
Discovery Sanctions
          In his third issue, husband contends that the trial court abused its discretion by 
rendering a “death penalty sanction” and violated rule 3a of the Rules of Civil
Procedure by applying Fort Bend County Local Rule 4.


 
          We review a ruling on a motion for sanctions for abuse of discretion. Cire v.
Cummings, 134 S.W.3d 835, 838 (Tex. 2004); see Walker, 827 S.W.2d at 839–40. 
The trial court’s ruling should be reversed only if it was arbitrary or unreasonable. 
Cire, 134 S.W.3d at 839. The trial court’s authority to sanction for failure to comply
with an order or discovery request derives from rule 215.2 of the Rules of Civil
Procedure, which mandates that any sanction imposed be “just.” Tex. R. Civ. P.
215.2(b). Among the “just” sanctions that rule 215.2(b) recognizes is “an order . . .
prohibiting [the disobedient party] from introducing designated matters into
evidence.” Tex. R. Civ. P. 215.2(b)(4). The trial court’s sanction order in this case
is a rule 215.2(b)(4) sanction. 
          The trial court’s sanction order in this case also qualifies as relief granted
pursuant to rule 193.6 of the Rules of Civil Procedure, which provides that a party
who “fails to make, amend, or supplement a discovery response in a timely manner
may not introduce in evidence the material or information that was not timely
disclosed, or offer the testimony of a witness (other than a named party) who was not
timely identified,” unless the court finds (1) good cause for the failure or (2) that the
failure “will not unfairly surprise or unfairly prejudice the other parties.” Tex. R.
Civ. P. 193.6 (Failing to Timely Respond—Effect on Trial). Wife relied on rule
193.6 at trial. 
A.      Background
          On November 18, 2004, the trial court granted wife’s motion to compel and
ordered husband to respond to discovery requesting that he substantiate his separate
property claims. Pursuant to that order, husband’s deadline for responding to wife’s
discovery was November 27, 2004. 
          On December 30, 2004, wife filed a motion stating that she had agreed to
extend the deadline for all outstanding discovery to December 6, 2004, but that
husband had still not complied. Wife’s motion requested that (1) husband be
prohibited from introducing evidence relating to her unanswered discovery at the
January 13, 2005 trial and (2) a $900 sanction be assessed against husband. The trial
court conducted a hearing on wife’s motion on January 6, 2005. 
          We have no reporter’s record of the January 6, 2005 hearing, but the existing
record demonstrates that the hearing resulted in the following: the trial court
received, but did not file, husband’s late-provided inventory and appraisement;
conditionally assessed the $900 sanction; and conditionally refused to admit
husband’s inventory and appraisement at trial.


 The trial court conditioned its rulings
on husband’s demonstrating, at trial, that his earlier responses to wife’s discovery
satisfied her requests. 
          At preliminary hearings conducted before trial began on January 13, 2005, the
trial court considered two motions filed by husband that day.


 Both motions relate
to the unrecorded sanctions hearing seven days earlier. In response to husband’s first
motion, for reconsideration of the sanction, the trial court lifted the $900 portion of
its order. But, the trial court denied husband’s motion, which sought leave for a late
exchange of documents. As a result, both husband’s inventory and appraisement and
his proposed property division remained received only and were not filed.
          The effect of the sanction order signed in this case was to prohibit husband
from (1) introducing any and all documents that wife requested in her third request
for production that husband had not previously produced and (2) supporting or
offering claims or defenses related to those documents. 
B.      Principles Governing Imposition of Sanctions
          Well-settled law proposes a two-part test to determine whether a sanction is
just. The sanction must first be no more severe than necessary to satisfy its legitimate
purpose, specifically, to ensure compliance with discovery and deter those who might
abuse the discovery process in the absence of a deterrent. Cire, 134 S.W.3d at 839;
see also TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991) (stating that sanction imposed “must relate directly to the abuse found”). 
Second, the trial court must “consider” the availability of lesser sanctions before
imposing death penalty sanctions. Cire, 134 S.W.3d at 840 (citing GTE Commc’n
Sys. Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993)) (emphasis in original).
          1.       Husband’s Separate Property
          Though husband contends that he was “forbidden from offering testimony as
to what he believed was separate property,” the record does not support this claim. 
Husband testified without objection that he owned a life insurance policy and savings
bonds and that he had purchased these before marrying wife and stored them in a
safety deposit box. He also described, without objection, an inheritance from his
father, previously deposited in an account in his and his sons’ names, that he
contributed to the purchase of the couple’s residence. In addition, husband testified
extensively about the 600 shares of Dow Chemical stock, which he received as
settlement after his first marriage ended in divorce, and wife stipulated at trial that the
stock was husband’s separate property. The trial court’s decree and findings of fact
and conclusions of law confirm the separate property character of these items. 
Though he contends he was “forbidden” from offering testimony, he did not offer
proof at trial to show that he had any other items of separate property. See Tex. R.
App. P. 33.1(a), 33.2; Tex. R. Evid. 103(a)–(b). 
          Despite the sanction, as applied at trial by both the trial court and opposing
counsel, who either did not object or stipulated to testimony in which husband
described his separate property, the sanction order did not preclude husband from
testifying about that property, which, moreover, he obtained under the decree. And
nothing in the sanction order precluded husband from offering additional evidence
by offer of proof to support other separate property claims.
          2.       Mischaracterization of Property 
          Husband further contends that the trial court’s sanction order resulted in
mischaracterization of property. As addressed above, however, with respect to the
two Wells Fargo accounts, husband has not substantiated, by offer of proof or any
other means, his contention by demonstrating how any mischaracterization resulted
in loss to husband of those accounts or any other property that he might otherwise
contend should have been awarded to him. Tex. R. Evid. 103(a)–(b).
          3.       Valuation of Property
          Husband is correct, however, in his contention that the trial court’s sanction
order prevented husband from disputing the valuations reflected in wife’s inventory
and appraisement. But, as the record further reflects, wife supported the valuations
in wife’s inventory and appraisement with documentary statements of accounts or
records that would be largely uncontested. The value of the couple’s residence, for
example, was demonstrated by an appraisal requested and paid for by husband. 
Husband testified that he and wife kept their “finances separate” and had separate
credit-card accounts, though he used community funds to assist with payment of
wife’s accounts and cosigned for another account. Husband also stated that he
managed the financial affairs concerning the rental properties identified in wife’s
inventory, all of which he owned, and made all mortgage payments and did all
maintenance on those properties, though he conceded that he benefitted from the
resulting tax deductions, as demonstrated by the lack of these deductions on wife’s
income tax statements, which husband prepared. Similarly, documentary evidence
amply supports both husband’s and wife’s testimony concerning loans and borrowing
against their respective 401K plans.
          4.       Lack of Findings
          Though husband complains that the trial court did not enter findings to support
the sanction order, husband did not object to the absence of these findings in the
findings of fact and conclusions of law that the trial court endorsed and did not offer
proposed additional findings. See Tex. R. Civ. P. 298.
C.      The Sanction Was Just—No Abuse of Discretion
          As a result of the trial court’s sanction, husband could neither introduce
evidence that wife requested and that husband did not produce, nor assert claims or
defenses related to those documents.


 Under the first element of the test of a just
sanction, the trial court limited its order to the direct consequences of the offensive
conduct. Accordingly, the trial court’s order went no further than necessary and was
not excessive. See Cire, 134 S.W.3d at 839; TransAmerican Natural Gas Corp., 811
S.W.2d at 917. Under the second element of the test, the record amply demonstrates
that the trial court considered lesser sanctions. See Cire, 134 S.W.3d at 840. After
ordering that husband comply with wife’s discovery request, and after wife agreed to
extend the deadline under that order, the trial court conditionally imposed both the
sanction ultimately assessed here and a $900 fine. Husband had only to provide the
requested discovery timely, but did not. Even then, however, the trial court removed
the fee portion of the sanction order. An order granting a motion to compel
discovery, standing alone, does not constitute a lesser sanction. See Bair v. Hagans,
838 S.W.2d 677, 681 (Tex. App.—Houston [1st Dist.] 1992, writ denied). But, when,
as here, a trial court compels discovery and also cautions that more serious sanctions
will issue unless compliance occurs, orders granting more serious sanctions,
including death-penalty sanctions, will be upheld. See Jaques v. Tex. Employers’ Ins.
Ass’n., 816 S.W.2d 129, 131 (Tex. App.—-Houston [1st Dist.] 1991, no writ).
          In addition to not providing the discovery requested by wife, ordered by the
trial court, and required by the Fort Bend County Local Rule 4, husband did not
attempt to satisfy the exception to rule 193.6 by demonstrating good cause for lack
of compliance or that his discovery response would not unfairly surprise or prejudice
wife. See Tex. R. Civ. P. 193.6(a)–(b). Likewise, husband did not request a
continuance in order to comply with the requested and ordered discovery. See Tex.
R. Civ. P. 193.6(c). In keeping with the heading of rule 193.6(a)—“Exclusion of
Evidence”—the consequences of failure to comply with mandated discovery are
mandatory and automatic; evidence must be excluded at trial unless the party seeking
to admit it satisfies the exception for good cause. See Alvarado v. Farah Mfg. Co.,
830 S.W.2d 911, 914 (Tex. 1992).
          We conclude that the sanction assessed against husband was just, and that the
trial court properly exercised its discretion in assessing the sanction pursuant to rules
193.6 and 215.2(4).
D.      No Violation of Rule 3 Shown
          Husband contends that, in enforcing Fort Bend County Local Rule 4, the trial
court violated rule 3a of the Rules of Civil Procedure. Fort Bend County Local Rule
4 applies to Disclosure of Property and Financial Information and states,
A party’s final Inventory, Financial Information Statement and financial
information required under the Family Code (including, but not limited to, the
party’s income tax returns for the past two years and the party’s three most
recent payroll stubs), as well as suggested findings regarding child support and
a proposed division of property shall be exchanged no later than ten (10) days
before trial, and shall be filed with the court at the commencement of trial. . .
. . This rule providing for the exchange of information shall constitute a
discovery request and failure to comply with this rule may be grounds for
sanctions.

          To establish a violation of rule 3a, husband must demonstrate that the local rule
imposes a more arduous burden than the Rules of Civil Procedure or, was applied to
determine the merits of a case. Tex. R. Civ. P. 3a(1)–(2), (6). Husband has not met
this burden. Moreover, as addressed above, we have concluded that, in imposing its
sanction against husband, the trial court complied with the requirements of rules
193.6 and 215.2(4).
          We overrule husband’s third issue. 
Cumulative Error
          In his fifth issue, husband complains that the trial court committed cumulative
error, requiring remand for new trial on the property division. Having found no error
in husband’s issues one through four, we conclude no cumulative error occurred.
          We overrule husband’s fifth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.